
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                           **CASE NO: 6:09-cr-17-Orl-28KRS**

**STEVEN JAMES BUSSARD, JR.**

## ORDER

Defendant Stephen James Bussard, Jr. filed a Motion for Modification of Special Conditions of Supervised Release (Doc. 113), seeking permission to have direct contact and live in his father's house with R.B., his minor brother. After the Court denied that motion, (Doc. 116), Defendant filed a Motion for Rehearing and Request for Hearing, (Doc. 117). For the following reasons the motion for rehearing will be granted, and on rehearing Defendant's motion for modification will be granted.

Defendant was charged with one count of attempted receipt and one count of attempted possession of child pornography in violation of 18 U.S.C. § 2252A. (Doc. 1). After a jury conviction on both counts, the Court vacated the conviction on Count Two of the Indictment. (See Docs. 73 & 83). On Count One, Defendant was sentenced to 60 months in prison followed by 10 years of supervised release. (Doc. 83). A condition of Defendant's supervised release was that he not have direct contact with minors without prior written permission of his probation officer. (Id.).

Following his release from prison, Defendant filed the motion for modification of special conditions of his supervised release (Doc. 113) to allow contact with his 17-and-a-half-year-old nephew, who is also his adopted brother. The motion stated that the policy of the Probation Office prevented the probation officer from giving permission for Defendant

to have contact with his 17-year-old brother but that Defendant's probation officer suggested that Defendant file a motion with this court. (Id. at 2). The Government filed a Response (Doc. 115) opposing the motion.

Based upon the filings, but without the benefit of a recommendation from the Probation Office, I entered an Order (Doc. 116) denying Defendant's motion. Defendant then filed a Motion for Rehearing (Doc. 117), and the Government filed its Response (Doc. 118) opposing rehearing.

After receiving the Motion for Rehearing and the Government's response, I contacted the Probation Office to question the existence of a policy of that office that prohibited a recommendation. By the time of that contact, Defendant's supervising probation officer had retired. The Probation Office conducted a thorough investigation and recommended that "the Court allow the probation office to provide the offender with written permission to have direct contact with his brother, [R.B.]." I approved that recommendation without comment on August 3, 2015.

After considering the report of the Probation Office, I am satisfied that Defendant residing in his father's house where his brother lives will not endanger his brother or anyone else. Defendant appears to have complied with all terms of his supervised release—he has faithfully participated in a program specializing in treatment of sexual offenders, he has participated in group therapy, and he has taken polygraph examinations when requested by the Probation Office. It is also significant that the brother will be 18 in less than six months, and there is no indication that he is vulnerable. Furthermore, at the time of the offense Defendant was involved in a heterosexual relationship, and there has been no suggestion that he has a sexual interest in males. Even though the recommended

2

modification does not create a danger to others, the Probation Office created a safety plan with Defendant and his family members to assure that there are no unauthorized contacts with other minors. Having contact with a minor other than R.B. would constitute a violation of the terms of supervised release. I have also considered that Defendant's ability to live with his father will allow him to continue his full-time employment.

Defendant's motion for rehearing (Doc. 117) is **GRANTED**. On rehearing, this Court's Order (Doc. 116) denying Defendant's motion to modify conditions of his supervised release is **VACATED**. Defendant's motion for modification of special conditions of supervised release (Doc. 113) is **GRANTED**. I authorize the Probation Office to give Defendant written permission to have direct contact with his brother R.B., and the conditions of supervised release are modified to that extent. All other terms and conditions of supervised release remain in full force and effect.

**DONE** and **ORDERED** in Orlando, Florida, on August 5, 2015.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Steven James Bussard, Jr.